**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| IN RE PATTERN ENERGY GROUP INC. SECURITIES LITIGATION | ) ) ) ) ) | C.A. No. 20-275-MN-JLH |

## MEMORANDUM ORDER

1.    Before me is Plaintiffs' Motion for Limited Relief from the PSLRA Discovery Stay. (D.I. 43.) Plaintiffs request that I lift the automatic stay imposed by the Private Securities Litigation Reform Act ("PSLRA") so that they can obtain certain discovery supporting the claims set forth in their complaint. For the reasons set forth below, Plaintiffs' motion is DENIED.

2.    Plaintiffs are investment funds that owned stock in Pattern Energy Group Inc. ("Pattern Energy") at the time of its acquisition by the Canada Pension Plan Investment Board ("CPPIB") in Spring 2020. Plaintiffs' federal claims are based on their contention that the proxy materials sent to Pattern Energy shareholders in connection with the acquisition contained material misrepresentations and omissions. Count I of Plaintiffs' Consolidated Amended Class Action Complaint alleges violations of Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a). Count II alleges violations of Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a). Counts III and IV are state-law breach of fiduciary duty and aiding and abetting claims.

3.    Plaintiffs filed their original complaint in this action on February 25, 2020, two weeks before the shareholder vote on the acquisition. Prior to filing, Plaintiffs did not attempt to exercise their rights to inspect Pattern Energy's books and records under 8 Del. C. § 220. The original complaint asserted only federal claims, but Plaintiffs filed a Consolidated Amended Class Action Complaint ("Complaint") on May 22, 2020 that added the state law claims and additional

factual allegations. (D.I. 26.) On July 21, 2020, all Defendants moved to dismiss the Complaint. (D.I. 48, 50.) On January 28, 2021, I issued a Report and Recommendation in which I recommended that the Court dismiss all of Plaintiffs' claims with leave to amend.

4. Meanwhile, in May 2020, two other groups of Pattern Energy stockholders filed suits in the Delaware Court of Chancery asserting state law breach of fiduciary duty claims related to CPPIB's acquisition of Pattern Energy. Unlike Plaintiffs in this case, the Chancery Court plaintiffs sought and obtained documents from Pattern Energy pursuant to their rights under 8 Del. C. § 220 prior to filing suit. The Chancery Court consolidated those cases under the caption *In re Pattern Energy Group Inc. Stockholders Litigation*, C.A. No. 2020-0357-MTZ (Del. Ch.).[1]

5. Plaintiffs filed the instant motion on July 13, 2020 (a week before defendants filed their motions to dismiss the federal Complaint). Plaintiffs' motion asks the Court to lift the PSLRA stay so that they can obtain discovery from Pattern Energy limited to "documents already gathered, reviewed and produced by [Pattern Energy]" to the Chancery Court plaintiffs. (D.I. 44 at 1.)

6. In federal securities actions like this one, the PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B); *see also Dipple v. Odell*, 870 F. Supp. 2d 386, 390 (E.D. Pa. 2012) ("Congress specified a stay for all privately-prosecuted Exchange Act cases and made exceptions for evidence preservation and undue prejudice.") (cleaned up). Because Plaintiffs' Complaint is subject to pending motions to dismiss, the PSLRA requires that discovery be stayed unless the Court finds that particularized discovery is necessary to either preserve evidence or to prevent "undue prejudice" to Plaintiffs.

---

[1] Motions to dismiss the consolidated Chancery Court action are pending.

7. Plaintiffs claim that they will be unduly prejudiced without the requested discovery because they have reason to believe that the requested documents "are highly relevant to, and indeed confirm [Plaintiffs'] core allegations in the [Complaint]." (D.I. 44 at 1.) Plaintiffs contend that, without those documents, they will be "at a severe informational disadvantage vis-à-vis the parallel Delaware Chancery Action" and that "[t]his Court should also have access to all relevant information prior to ruling on Defendants' . . . motion[s] to dismiss, which will avoid the risk of inconsistent rulings in this Action and the Delaware Chancery Action." (*Id.* at 4.)

8. I find that Plaintiffs have failed to establish undue prejudice. "Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice that is neither improper nor unfair." *Dipple*, 870 F. Supp. 2d at 392 (quoting *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001)) (cleaned up). The reason why Plaintiffs do not have the information that the Chancery Court plaintiffs have is because Plaintiffs chose to file their securities action in federal court before seeking that information. By choosing to proceed in that manner, they subjected themselves to the PSLRA discovery stay, as well as the Delaware Chancery Court's rule that plaintiffs in federal securities actions are generally barred from making books and records requests under 8 Del. C. § 220. *See Beiser v. PMC-Sierra, Inc.*, No. 3893-VCL, 2009 WL 483321, at *3-4 (Del. Ch. Feb. 26, 2009) (denying stockholder's request for discovery under § 220 where the stockholder was a plaintiff in a federal securities case subject to the PSLRA stay).

9. For purposes of the argument, I accept that the PSLRA stay is preventing Plaintiffs from obtaining relevant documents, which "prejudices" them in the sense that the additional information might enable them to beef up their factual allegations and survive a motion to dismiss. But such prejudice is not "undue" because it is a result of Plaintiffs' choice to file their suit before

3

having enough facts.  *See SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of Cal.*, 189 F.3d 909, 913 (9th Cir. 1999) ("[A]s a matter of law, failure to muster facts sufficient to meet the [PSLRA]'s pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay under § 78u-4(b)(3)(B).").

10. As for Plaintiffs' concern about being at "a severe informational disadvantage" vis-à-vis the litigants in the Chancery Court action, Plaintiffs acknowledge that "there are myriad cases falling on both sides of the prejudice issue such that for every case [Plaintiffs] cite, Pattern Energy can and will cite a case falling on the other cite of the question." (D.I. 44 at 10.)  Having reviewed the cited authorities, I find persuasive Judge Yohn's reasoning in *Dipple*: "Whether PSLRA plaintiffs should be subjected to a discovery stay while other parties, who are bringing claims under other causes of action, are not subjected to a stay is a question for Congress, and one that Congress has answered."  *Dipple*, 870 F. Supp. 2d at 394 (quoting *In re Refco, Inc. Sec. Litig.*, No. 05-0826, 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006)).  That the stay applies in some cases but not others "is not evidence of undue prejudice, but rather is evidence of Congress's judgment that PSLRA actions should be treated differently than other actions."  *Dipple*, 870 F. Supp. 2d at 394-95 (quoting *In re Refco*, 2006 WL 2337212, at *7); *see also Desmarais v. First Niagra Fin. Grp., Inc.*, No. 15-1226-LPS-CJB, 2016 WL 768257, at *4 (D. Del. Feb. 26, 2016) ("[T]he Court concludes that granting a motion to expedite discovery in these circumstances would amount to an end-run around Congress's considered judgement as to how PSLRA actions should primarily be litigated.").  Like Judge Yohn, I will not question Congress's judgment.  *Dipple*, 870 F. Supp. 2d at 395.

11. Plaintiffs maintain that their action is not frivolous and, thus, permitting discovery would not be inconsistent with Congress's purpose in enacting the PSLRA.  Even if Plaintiffs were

4

right about their action not being frivolous,[2] it is beside the point. The PSLRA reflects Congress's determination that the best way to remedy perceived abuses in federal securities cases is to subject all cases to a discovery stay until the court determines that the complaint can survive a motion to dismiss (unless one of the limited exceptions applies). The idea that Plaintiffs might use discovery to bolster the allegations in their complaint—whether in advance of a motion to dismiss or to amend in the event that a motion to dismiss is granted[3]—plainly conflicts with the directive set forth in the PSLRA. Indeed, "part of the reason for [the PSLRA stay] is Congress's desire to 'avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the PSLRA's heightened pleading requirements, then uses discovery to acquire that information and resuscitate a complaint that would otherwise be dismissed.'" *Desmarais*, 2016 WL 768257, at *4 (quoting *Sarantakis v. Gruttaduaria*, No. 02 C 1609, 2002 WL 1803750, at *1 (N.D. Ill. Aug. 5, 2002)).

---

[2] As noted above, I have already recommended that the Court dismiss Plaintiffs' Complaint. I wasn't asked to, and didn't, make any findings about whether Plaintiffs' allegations are "frivolous," but I did conclude that the Complaint fails to state a claim under the federal securities laws.

[3] Plaintiffs do not explicitly say that they want to use the requested discovery to amend their Complaint. But it's unclear how else it would be used. This case is still at the motion to dismiss stage, so the Court must limit its assessment to the allegations in the pleadings.

12. Because Plaintiffs have failed to show that failure to lift the PSLRA stay will cause them undue prejudice, their motion (D.I. 43) is DENIED.

Dated: January 28, 2021

                                            The Honorable Jennifer L. Hall
                                            UNITED STATES MAGISTRATE JUDGE