IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE PATTERN ENERGY GROUP INC. SECURITIES LITIGATION | C.A. No. 20-275-MN-JLH<br><br>**CLASS ACTION** |

## REPORT AND RECOMMENDATION

Pending before the Court is Lead Plaintiffs Water Island Funds'.[1] Motion for Class Certification (D.I. 107). The motion is fully briefed (D.I. 108, 109, 123, 124, 150–54, 156, 157, 159–62, 166), and I heard oral argument on December 13, 2022. For the following reasons, I recommend that the motion be GRANTED and that the Court certify the class described below.

1. The Court should preliminarily certify this action to proceed on the Water Island Funds' claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 as a class action on behalf of:

> **all persons and entities who held Class A common stock of Pattern Energy Group Inc. as of the January 31, 2020 record date for the merger with Canada Pension Plan Investment Board ("Merger"), were entitled to vote on the Merger, and received the Merger consideration; excluding Defendants, their immediate families and trusts and investment vehicles operated by them or for their benefit, and excluding Riverstone Holdings LLC and its affiliates, CBRE Caledon Capital Management and its affiliates, the Public Sector Pension Investment Board and its affiliates, and any person or entity that received a legal or**

---

[1] The Water Island Funds consist of The Arbitrage Fund; Water Island Merger Arbitrage Institutional Commingled Fund, L.P.; Morningstar Alternatives Fund a series of Morningstar Funds Trust; Litman Gregory Masters Alternative Strategies Fund; Columbia Multi-Manager Alternative Strategies Fund; Water Island Diversified Event-Driven Fund; Water Island LevArb Fund, L.P.; and Water Island Long/Short Fund (collectively, the "Water Island Funds" or the "Lead Plaintiffs").

**beneficial ownership interest in the surviving new entity that emerged from the Merger.**[2]

---

[2] My recommended class definition is narrower than the definition suggested by Lead Plaintiffs in the sense that it includes only those shareholders that received the Merger consideration (which includes all of the Lead Plaintiffs).

Lead Plaintiffs' motion for class certification seeks to also include shareholders who owned shares as of the record date but sold those shares prior to the vote on, or the close of, the Merger (the "Selling Shareholders"). According to Lead Plaintiffs, the Selling Shareholders were damaged by the false proxy because the price they received from selling their shares on the market was less than it would have been if the true state of affairs was known. (*See, e.g.*, D.I. 150 (Lead Plaintiffs' Reply Br.) at 8 ("Had accurate information about the availability of Brookfield's far superior bid been disclosed (or the Proxy not been issued), shareholders who sold before the Merger close would have been able to sell their shares for more than they did . . . .").)

I reject Lead Plaintiffs' request to include the Selling Shareholders in the class. It is important to keep in mind that Plaintiffs are proceeding on a Section 14(a) claim, not a Section 10(b) claim. A shareholder who sells their shares can bring a Section 10(b) claim for damages based on losses sustained as the result of a company's materially false public statements. *See, e.g.*, *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341 (2005) (listing elements of a § 10(b) claim). But a Section 14(a) claim doesn't just require a materially false statement in a proxy solicitation that caused damage to the plaintiff, it also requires that the proxy solicitation be the essential link in the accomplishment of a "transaction" that caused damage to the plaintiff. *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1100 (1991); *Gen. Elec. Co. by Levit v. Cathcart*, 980 F.2d 927, 933 (3d Cir. 1992) ("[D]amages are recoverable under Section 14(a) only when the votes for a specific corporate transaction requiring shareholder authorization, such as a corporate merger, are obtained by a false proxy statement, and that transaction was the direct cause of the pecuniary injury for which recovery is sought.").

The "transaction" here is the Merger, and the Selling Shareholders weren't harmed by the Merger because they sold prior to the vote on the Merger and/or the close. Plaintiff has cited no case where a court authorized a Section 14(a) claim by a shareholder who wasn't damaged by the transaction associated with the proxy solicitation. Although Lead Plaintiffs cited several cases that purportedly support the propriety of certifying "record date classes" in Section 14(a) cases (*i.e.*, classes defined by those who owned stock on a particular date prior to the vote), some of those cases adopted class definitions that arguably would have excluded the group of selling shareholders that Lead Plaintiffs are attempting to include here. Even more importantly, none of those cases held that—or even analyzed whether—a shareholder could recover under Section 14(a) for damages not caused by the transaction authorized by the allegedly deficient proxy statement. *See, e.g.*, *Carr v. Analogic Corp.*, No. 18–11301, 2018 WL 4932858, at *1, *3 (D. Mass. Oct. 10, 2018) (no class ever certified, and lead plaintiff held his stock "through consummation of the [Merger]"); *In re Hot Topic, Inc. Sec. Litig.*, No. 13–2939, 2014 WL 12462472, at *6 (C.D. Cal. Nov. 3, 2014); *In re Heckman Corp. Sec. Litig.*, No. 10–378, 2013 WL 2456104, at *1 (D. Del. June 6, 2013); *Odmark v. Mesa Ltd. P'ship*, No. 91–2376, 1992 WL 203541, at *1 (N.D. Tex. June 5, 1992).

Indeed, the only case of which I am aware to have expressly considered Lead Plaintiffs' Section 14(a) theory with respect to the Selling Shareholders rejected it, and it excluded from the

2. **Class Findings.** The Water Island Funds satisfy the prerequisites for a class action under Federal Rule of Civil Procedure 23(a), (b)(3), and Defendants' challenges to adequacy and predominance of common issues over potential individual issues do not preclude certification at this stage;[3]

    a. The large number of class members arising from more than 98 million shares of Pattern Energy Class A common stock outstanding and entitled to vote on the Merger, held or beneficially owned by hundreds or thousands of individuals and entities, renders joinder of all class members impracticable;

---

class those shareholders who sold prior to the merger's close. *In re Willis Towers PLC Proxy Litig.*, No. 17–1338, 2020 WL 5361582, at *12 (E.D. Va. Sept. 4, 2020) ("[A]ny proposed Class member who sold the entirety of their Towers stock before the closing of the Merger, the relevant transaction, did not suffer any cognizable loss as a result of the Merger allegedly obtained through the Proxy's misrepresentations or omissions.").

    Lead Plaintiffs cite *Gould v. Am.-Hawaiian S. S. Co.*, 535 F.2d 761, 782 (3d Cir. 1976) for the proposition that "the Third circuit expressly ***permits*** recovery on a lost opportunity theory." (D.I. 150 (Lead Plaintiffs' Reply Br.) at 9.) That case is inapposite, as the plaintiffs there alleged that they were harmed *by the merger*. *Gould*, 535 F.2d at 781–784. The court in *Gould* considered only the remedies available to plaintiffs who were impacted by the merger transaction; it did not consider whether—much less hold that—Section 14(a) damages were available to shareholders who weren't affected by the transaction itself. *Id.*

    Lead Plaintiffs' theory of liability with respect to the selling shareholders is unmoored from the theory of liability underlying the Section 14(a) implied private right of action and would extend the scope of such actions beyond that previously recognized by the Supreme Court. *See Virginia Bankshares*, 501 U.S. at 1099–1102 (declining to extend § 14(a) to class of minority shareholders whose votes were not required by law to authorize the transaction giving rise to the claim, explaining that "any private right of action for violating a federal statute must ultimately rest on congressional intent to provide a private remedy"). Lead Plaintiffs point to nothing in the statute that evidences congressional intent to provide a Section 14(a) private cause of action to plaintiffs that weren't harmed by the transaction for which proxies were solicited.

    All of that said, even if I were wrong about the ability of the Selling Shareholders to maintain claims under Section 14(a), I would still exclude them from the class, as I find that their inclusion would destroy predominance as to the elements of causation and damages. *See* Fed. R. Civ. P. 23(b)(3).

    [3] *See infra* notes 4, 5.

  b.  Defendants' conduct, including alleged misrepresentations and omissions in the February 4, 2020 Definitive Proxy Statement and the February 26, 2020 Form 8-K, as well as the myriad of potential defenses regarding materiality and other issues, affects all class members;

  c.  There are questions of law and fact common to the class, including claims and defenses regarding whether:

    i.  Defendants misrepresented in the proxy materials the Special Committee's belief that CPPIB's bid represented the best value and highest price reasonably available to shareholders when the Special Committee did not sincerely believe that to be the case;

    ii.  Defendants omitted and/or misrepresented other facts in the proxy materials;

    iii.  Defendants' misrepresentations and/or omissions were material;

    iv.  Defendants' misrepresentations and/or omissions caused injury to the class, and class members sustained damages calculated through a uniform methodology;

    v.  The proxy materials themselves, rather than any particular defect in the solicitation materials, were an essential link in the accomplishment of the Merger; and

    vi.  Defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934;

  d.  The Water Island Funds' claims are typical of the claims of the class they seek to represent, as their Second Consolidated Amended Class Action Complaint pleads

violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 resulting from material omissions and misrepresentations in the proxy materials sent to all class members;

e. The Water Island Funds are adequate representatives that will fairly and adequately protect the class's interests, having retained qualified, experienced, and capable counsel, and exhibiting no interests that conflict with the other former Pattern Energy shareholders in the class;[4]

f. The Water Island Funds retained experienced securities class action counsel who will fairly and adequately protect the class's interests: Entwistle & Cappucci LLP as lead class counsel; Farnan LLP as liaison class counsel; and additional counsel Susman Godfrey L.L.P.;

g. I find that the common questions of law or fact identified above, including whether Defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of

---

[4] Defendants contend that the Water Island Funds are not adequate class representatives because (1) another (non-party) fund advised by the same investment adviser shorted some Pattern Energy stock prior to the Merger; (2) the Water Island Funds did not rely on the allegedly misleading proxy, as evidenced by the fact that they led a campaign against the Merger based on the same alleged misrepresentations and omissions; and (3) the Water Island Funds submitted, then subsequently withdrew, an appraisal demand.
"The principal purpose of the adequacy requirement is to determine whether the named plaintiffs have the ability and the incentive to vigorously represent the claims of the class." *In re Cmty. Bank of N. Virginia Mortg. Lending Practices Litig.*, 795 F.3d 380, 393 (3d Cir. 2015). None of the things pointed to by Defendants amounts to a "fundamental conflict" defeating adequacy. *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183–84 (3d Cir. 2012). For one thing, the Water Island Funds' actions are not inconsistent with either the belief that the Merger was a bad deal for shareholders or the present desire to maximize class-wide recovery. *See Dewey*, 681 F.3d at 183 ("[T]he linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class."). Moreover, the fact that the Water Island Funds were not misled by the proxy does not impact their ability to recover under Section 14(a) because reliance is not an element of a Section 14(a) claim.

1934 by making material misrepresentations or omissions in the proxy materials, and whether the class members sustained damages as calculated through a uniform methodology, among others, predominate over any individual questions;[5] and

    h.    A class action is superior to other available methods—such as hundreds or thousands of small trials challenging the same alleged omissions or misrepresentations in the proxy materials—for resolving the controversy.  I am unaware of any other pending litigation alleging violations of the federal securities laws based upon misrepresentations and omissions in the proxy materials for the Merger.

3.    **Class Representatives.**  Under Federal Rule of Civil Procedure 23, the Water Island Funds adequately represent the class, and they should be certified as the class representatives.

4.    **Class Counsel.**  The Water Island Funds' counsel Entwistle & Cappucci LLP is authorized to act as lead class counsel on behalf of the Class, along with liaison class counsel Farnan LLP and additional counsel Susman Godfrey L.L.P., with respect to all acts required by, or necessary to be taken under, the Federal Rules of Civil Procedure and this Court's Orders.

5.    **Class Notice.**  Counsel shall meet and confer regarding appropriate notice to the class.  As soon as possible and no later than **14 days after the adoption of this Report & Recommendation**, class counsel shall file a motion to approve a form and protocol for notice to the class to satisfy the terms and due process required under Rule 23, including fully describing the parties' respective positions on any unresolved disputes regarding the negotiated notice.

---

[5] Lead Plaintiffs contend that Pattern Energy shareholders were damaged because the true value of their shares (including the value of future opportunities) exceeded the per-share Merger consideration they received, and that damages may be calculated on a class-wide basis using a class-wide methodology.  (D.I. 108 at 10; D.I. 109, Ex. 5 ¶¶ 22–27.)  Defendants do not dispute that the predominance requirement is met with respect to the class definition as narrowed above.

\* \* \*

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages.  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: January 3, 2023

                                              The Honorable Jennifer L. Hall
                                              UNITED STATES MAGISTRATE JUDGE